|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE LOUIE,

     Plaintiff,                              No. CIV S-11-0074 JAM EFB PS

     vs.

VOLVO-CALIFORNIA SWEDISH, et al.,

     Defendants.                       <u>ORDER</u>

_____/

     This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). Presently noticed for hearing on March 30, 2011 are third party claimant Elena Sadur's motions to set aside plaintiff's voluntary dismissals of certain individual defendants in this action, Dckt. Nos. 8 and 15; defendants Budget Inn, America's Best Value Inn, Volvo-California Swedish, Capay Junction, and Rose's Island's motion to sever misjoined defendants and/or to dismiss, Dckt. No. 12; and defendant Woodland GMC's motion to quash service of summons, Dckt. No. 13.

     Because defendants Budget Inn, America's Best Value Inn, Volvo-California Swedish, Capay Junction, and Rose's Island have all been voluntarily dismissed by plaintiff, Dckt. No. 20, their motion to sever misjoined defendants and/or to dismiss, Dckt. No. 12, is denied without prejudice.

1

Additionally, because plaintiff filed a "Notice of Filing Bankruptcy" on March 11, 2011, indicating that an involuntary Chapter 7 bankruptcy petition was filed against him, Dckt. No. 23, the March 30 hearing on the remaining motions will be continued and plaintiff will be ordered to file a brief indicating whether this case should be stayed pursuant to the automatic bankruptcy stay, 11 U.S.C. § 362, and/or whether plaintiff has standing to bring this action in light of the pending bankruptcy. *See Manlangit v. Nat'l City Mortg.*, 2010 WL 2044687, at *1 (E.D. Cal. May 20, 2010).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants Budget Inn, America's Best Value Inn, Volvo-California Swedish, Capay Junction, and Rose's Island's motion to sever misjoined defendants and/or to dismiss, Dckt. No. 12, is denied without prejudice.

2. The March 30, 2011 hearing on lien holder Elena Sadur's motions to set aside plaintiff's voluntary dismissals of certain individual defendants in this action, Dckt. Nos. 8 and 15, and defendant Woodland GMC's motion to quash service of summons, Dckt. No. 13, is continued to April 20, 2011 at 10:00 a.m. in Courtroom No. 24.

3. On or before March 30, 2011, plaintiff shall file a brief indicating whether this case should be stayed pursuant to the automatic bankruptcy stay, 11 U.S.C. § 362, and/or whether plaintiff has standing to bring this action in light of the pending bankruptcy. Defendants and/or lien holders may also file such a brief, and/or a response to plaintiff's brief, on or before April 6, 2011.

DATED: March 16, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE