1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE LOUIE,

11            Plaintiff,                    No. CIV S-11-0074 JAM EFB PS

12        vs.

13   VOLVO-CALIFORNIA SWEDISH,
     et al.,
14
              Defendants.                    <u>ORDER</u>
15   _____/

16        This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to

17   Eastern District of California Local Rule 302(c)(21).  On March 11, 2011, plaintiff filed a

18   "Notice of Filing Bankruptcy," indicating that an involuntary Chapter 7 bankruptcy petition was

19   filed against him.[1]  Dckt. No. 23.  Therefore, on March 16, 2011, the undersigned ordered

20   plaintiff to file a brief indicating whether this case should be stayed pursuant to the automatic

21   bankruptcy stay, 11 U.S.C. § 362, and/or whether plaintiff has standing to bring this action in

22   light of the pending bankruptcy.  Dckt. No. 24.  The undersigned also provided defendants

23   ////

24   ////

25   _____

26        [1]  On April 6, 2011, plaintiff also filed a second "Notice of Filing Bankruptcy," indicating
     that he filed a voluntary bankruptcy petition on April 1, 2011.  Dckt. No. 31.

                                           1

1   and/or lien holders an opportunity to file such a brief and/or a response to plaintiff's brief.[2]  *Id.*

2        Plaintiff filed a response to the March 16 order, indicating that because of the pending

3   bankruptcy action this case should be stayed and plaintiff lacks standing to bring this action.

4   Dckt. No. 28.  Lien holder Elena Sadur also filed a response to the March 16 order and to

5   plaintiff's brief.  Dckt. No. 29.  Ms. Sadur contends that plaintiff "only addressed the issue of

6   whether he had standing to bring this action; he did not answer whether this case should be

7   stayed pursuant to the automatic bankruptcy stay, 11 U.S.C. §362."  *Id.*  She then argues that this

8   case is not stayed because § 362(a)(1) only stays actions that are against the debtor and "[t]his is

9   not an action against the debtor; this is an action brought on behalf of the debtor, against

10  defendants that have not declared bankruptcy."  *Id.*  However, Ms. Sadur did not address

11  whether plaintiff has standing to proceed in this action in light of the pending bankruptcy.

12       On April 6, 2011, defendants James W. Naekel, Patricia L. Ireland, and Ruth A.

13  Whitaker, all collectively doing business as Stow-It Self Storage, filed an opposition to Ms.

14  Sadur's motion to set aside plaintiff's voluntary dismissals of those defendants, and also

15  responded to the March 16 order.  Dckt. No. 30.  The defendants argue that they settled this case

16  approximately two and half months ago and that all parties have performed under the agreement;

17  therefore, they ask the court to affirm their dismissal.  *Id.* at 3.  They also contend, however, that

18  "it is possible that the case is stayed under 11 U.S.C. § 362(a)(1) through (a)(6) due to Sadur's

19  filing of an involuntary bankruptcy petition against Plaintiff Louie.  In that event, the Motion to

20  Set Aside Dismissals should be denied as premature insofar as it seeks to set aside the

21  Defendants' dismissal."  *Id.*

22  ////

---

24     [2]  The order also continued the hearing on lien holder Elena Sadur's motions to set aside
    plaintiff's voluntary dismissals of certain individual defendants in this action, Dckt. Nos. 8 and
25  15, and defendant Woodland GMC's motion to quash service of summons, Dckt. No. 13, to
    April 20, 2011.  On March 22, 2011, defendants Volvo-California Swedish, American's Best
    Value Inn, Budget Inn, Rose's Island, and Capay Junction also filed a motion to declare plaintiff
26  a vexatious litigant, and noticed the motion for hearing on April 27, 2011.  Dckt. No. 26.

1       Although the lien holder desires that this action proceed since she seeks to use this action

2 as a collection proceeding, because of the pending bankruptcy actions, plaintiff does not have

3 standing to proceed in the action.  Upon a declaration of bankruptcy, all of the debtor's legal or

4 equitable interests in property become the property of the bankruptcy estate.  *Manlangit v. Nat'l*

5 *City Mortg.*, 2010 WL 2044687, at *1 (E.D. Cal. May 20, 2010) (citing 11 U.S.C. § 541(a)).

6 This includes causes of action.  *See id.*; *see also Switchboard Co. v. Westinghouse Elec. Corp.*,

7 789 F.2d 705, 707 (9th Cir.1986); *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1453 (D.

8 Haw. 1996).  Therefore, "a bankruptcy petitioner loses standing for any causes of action and the

9 estate becomes the only real party in interest unless the bankruptcy trustee abandons the claims"

10 or the claims are exempt from the bankruptcy estate.  *Manlangit*, 2010 WL 2044687, at *1

11 (citing *In re Lopez*, 283 B.R. 22, 28-29 (9th Cir. 2002); *In re Pace*, 146 B.R. 562, 565-66 (9th

12 Cir. 1992)); *Rowland*, 949 F. Supp. at 1453.

13       Here, plaintiff has not indicated that the bankruptcy trustee(s) has/have abandoned the

14 claims against defendants or that this action is exempt from or should be excluded from the

15 bankruptcy estate(s); in fact, plaintiff concedes that he lacks standing to bring this action.

16 Therefore, plaintiff and/or the bankruptcy trustee(s) will be required to substitute or join the

17 bankruptcy trustee(s), or show the trustee's ratification of this action, pursuant to the

18 requirements of Federal Rule of Civil Procedure 17(a)(3) ("The court may not dismiss an action

19 for failure to prosecute in the name of the real party in interest until, after an objection, a

20 reasonable time has been allowed for the real party in interest to ratify, join, or be substituted

21 into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been

22 originally commenced by the real party in interest.").  If plaintiff and the bankruptcy trustee(s)

23 fail to do so, the undersigned will recommend that this action be dismissed with prejudice.

24 ////

25 ////

26 ////

3

Accordingly, IT IS HEREBY ORDERED that:

1. On or before April 29, 2011, plaintiff and/or the bankruptcy trustee(s) shall substitute or join the bankruptcy trustee(s), or show the trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3).

2. If plaintiff and the bankruptcy trustee(s) fail to comply with the Rule 17 requirements on or before April 29, 2011, the undersigned will recommend that this action be dismissed with prejudice.

3. The hearing on (I) lien holder Elena Sadur's motions to set aside plaintiff's voluntary dismissals of certain individual defendants in this action, Dckt. Nos. 8 and 15; (ii) defendant Woodland GMC's motion to quash service of summons, Dckt. No. 13; and (iii) defendants Volvo-California Swedish, American's Best Value Inn, Budget Inn, Rose's Island, and Capay Junction's motion to declare plaintiff a vexatious litigant, Dckt. No. 26, are all continued to May 25, 2011 at 10:00 a.m. in Courtroom No. 24.

4. The status (pretrial scheduling) conference currently set for hearing on May 18, 2011 is continued to July 20, 2011 at 10:00 a.m. in Courtroom No. 24. The parties shall file status reports, as required by this court's January 10, 2011 order, on or before July 6, 2011.

5. Within five days of the date this order is filed, plaintiff shall serve a copy of this order on the bankruptcy trustee(s) and shall file a proof of such service.

DATED: April 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE