UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE S. LOUIE, | ) | Case No. 2:11-CV-00074 JAM-KJN |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING TRUSTEE'S |
| v. | ) | MOTION TO REFER THIS CASE TO |
| | ) | THE UNITED STATES BANKRUPTCY |
| VOLVO-CALIFORNIA SWEDISH et al., | ) | COURT, EASTERN DISTRICT OF |
| | ) | CALIFORNIA |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court as a Motion to Refer this Case to the United States Bankruptcy Court, Eastern District of California (Doc. #44) presented by Alan S. Fukushima ("the Trustee" or "Mr. Fukushima"), Chapter 7 Trustee in the bankruptcy case In re Louie, United States Bankruptcy Court, Eastern District of California, Case No. 11-25036-C-7.  Defendants Volvo-California Swedish ("Defendants") oppose the motion (Doc. #46).[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 10, 2011.

1              I.    FACTUAL AND PROCEDURAL BACKGROUND

2      On September 20, 2010, Plaintiff George S. Louie ("The Debtor"

3  or "Mr. Louie") filed the instant case.  He alleges that Defendants

4  failed to accommodate his disability in violation of the Americans

5  with Disabilities Act ("ADA") of 1990, California Civil Code

6  Sections 54 and 54.1, and the California Unruh Civil Rights Act.

7      On February 28, 2011, Mr. Louie was placed into involuntary

8  bankruptcy pursuant to Title 11 U.S.C. § 303: In re George S.

9  Louie, United States Bankruptcy Court, Eastern District of

10 California, Case No. 11-25036-C-7 (the "Involuntary Bankruptcy

11 Case").  On March 30, 2011, the Bankruptcy Court entered an order

12 for relief.  Mr. Fukushima was appointed as Chapter 7 Trustee.

13     On April 1, 2011, Mr. Louie filed a voluntary bankruptcy case:

14 In re George Sing Louie, United States Bankruptcy Court, Eastern

15 District of California, Case No. 2011-28344 (the "Voluntary

16 Bankruptcy Case").

17     On May 31, 2011, the Bankruptcy Court consolidated the

18 Involuntary Bankruptcy Case and the Voluntary Bankruptcy Case as

19 Case No. 11-250360C-7 (the "Bankruptcy Case") and appointed Mr.

20 Fukushima as the Chapter 7 Trustee of the consolidated cases.

21     Through the Trustee's investigation, he discovered that the

22 Debtor has more than 80 cases pending in various California state

23 courts and federal district courts.  Most or all of the cases

24 allege that defendants failed to accommodate Mr. Louie's disability

25 in violation of the ADA.  On September 22, 2011, upon application

26 by the Trustee, this Court issued a related case order (Doc. #47)

27 relating eleven other ADA cases pending before the district court,

28 all before this Court.  The Trustee now moves to refer this case to

1 the Bankruptcy Court (Doc. #44).  Defendants Volvo-California

2 Swedish, et al. oppose the motion (Doc. #46).

3

4                         II.   OPINION

5      A.   Legal Standard

6           1.   Referral to Bankruptcy Court

7      28 U.S.C. § 1334(b) provides that federal courts shall have

8 "original but not exclusive jurisdiction of all civil proceedings

9 arising under title 11, or arising in or related to a case under

10 title 11."  In Celotex Corp. v. Edwards, 514 U.S. 300 (1995), the

11 Supreme Court described the scope of "related to" jurisdiction

12 under Section 1334(b):

13        Proceedings "related to" the bankruptcy include
          (1) causes of action owned by the debtor which become
14        property of the estate pursuant to 11 U.S.C. § 541,
          and (2) suits between third parties which have an
15        effect on the bankruptcy estate.

16 Celotex Corp., 514 U.S. at 308 n. 5.

17      Where the cause of action is not property of the estate in

18 bankruptcy, courts in the Ninth Circuit utilize the Pacor test.

19 The Pacor test considers "whether the outcome of that [civil]

20 proceeding could conceivably have any effect on the estate being

21 administered in bankruptcy."  Pacor, Inc. v. Higgins, 743 F.2d 984,

22 994 (1984).  Additionally, the Ninth Circuit suggests district

23 courts consider "the efficient use of judicial resources, delay and

24 costs to the parties, uniformity of bankruptcy administration, the

25 prevention of forum shopping, and other related factors" when

26 deciding whether to refer cases to the Bankruptcy Court.  Security

27 Farms v. International Brotherhood Of Teamsters, Chauffeurs,

28 Warehousemen & Helpers, an Unincorporated Ass'n., 124 F.3d 999,

3

1  1008 (9th Cir. 1997).

2      B.    Claims for Relief

3      The Trustee asks the Court to refer this case to the

4  Bankruptcy Court because the instant case is property of the

5  bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1).  The instant

6  case is also related to the bankruptcy case because the Trustee is

7  already prosecuting thirty-two other ADA cases in the Bankruptcy

8  Court filed by the Debtor.  Additionally, the estate has no cash so

9  it would be an extreme burden for the Trustee to prosecute many

10 cases in multiple courts.

11     Defendants counter by arguing that as long as Defendants have

12 a right to a jury trial and do not consent to the bankruptcy judge

13 presiding over the jury trial, this case cannot be removed to

14 bankruptcy court.  Additionally, Defendants cite 28 U.S.C.

15 § 157(b)(5) to argue that the bankruptcy court does not have

16 jurisdiction to determine Mr. Louie's claims.  Defendants also

17 argue that the Trustee did not cite legal authority requiring that

18 this case be removed to bankruptcy court.

19     As discussed supra, this Court has jurisdiction over this

20 action and the ability to refer it to Bankruptcy Court under 28

21 U.S.C. § 1334(b).  The Court finds that pursuant to 11 U.S.C.

22 § 541, the instant case is the legal interest of the debtor and is

23 thus property of the estate.  The fact that this case concerns

24 noncore ADA claims is irrelevant since the instant case is related

25 to the Bankruptcy Case.  28 U.S.C. § 157(b) authorizes Bankruptcy

26 judges to hear and determine such cases.  While 28 U.S.C. § 157(a)

27 does not require this Court to refer each related case to the

28 Bankruptcy Court, the Court elects in this case to exercise its

4

1  discretion to refer it to the Bankruptcy Court.

2      Contrary to Defendants' concerns, referral to the Bankruptcy

3  Court will not compromise their right to a jury trial.  The

4  bankruptcy judge, with the consent of the parties, may conduct the

5  jury trial.  28 U.S.C. § 157(e).  If the parties do not consent to

6  the bankruptcy judge conducting the jury trial, the bankruptcy

7  court will handle the pretrial matters and this Court will preside

8  over the jury trial.  See In re Healthcentral.com, 504 F.3d 775,

9  787-88 (9th Cir. 2007) (holding that in noncore matters (like the

10  instant case), if a party timely demands a jury trial and there is

11  no consent to the bankruptcy judge presiding over the trial, the

12  bankruptcy court retains jurisdiction over pre-trial matters and

13  the district court handles the jury trial).

14      Referral to the Bankruptcy Court is an efficient use of

15  judicial resources.  Bankruptcy courts routinely handle adversary

16  proceedings and both the Bankruptcy Court judges and the District

17  Court judges in this district are under heavy caseloads.  Referral

18  to the Bankruptcy Court will result in an overall savings of

19  judicial resources, as well as convenience for the parties because

20  it will result in the same court handling the adversary proceedings

21  and the overall administration of the underlying Bankruptcy Case.

22  Additionally, since this case is about alleged violations of the

23  ADA and does not involve bankruptcy law, uniformity of bankruptcy

24  administration is not an applicable consideration.  Finally, there

25  is no evidence of forum shopping as the impetus of this motion is

26  to organize numerous cases in one forum.  Accordingly, the Court

27  ///

28  ///

GRANTS the Trustee's Motion to Refer This Case to the United States Bankruptcy Court, Eastern District of California.

## III. ORDER

For the reasons set forth above, the Court GRANTS the Motion to Refer This Case to the United States Bankruptcy Court, Eastern District of California.

IT IS SO ORDERED.

Dated:  November 15, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

6