UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE S. LOUIE, | Case No. 2:11-CV-00074 JAM-KJN |
| Plaintiff, | |
| v. | <u>ORDER GRANTING TRUSTEE'S MOTION TO REFER THIS CASE TO THE UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF CALIFORNIA</u> |
| VOLVO-CALIFORNIA SWEDISH et al., | |
| Defendants. | |

This matter comes before the Court as a Motion to Refer this Case to the United States Bankruptcy Court, Eastern District of California (Doc. #44) presented by Alan S. Fukushima ("the Trustee" or "Mr. Fukushima"), Chapter 7 Trustee in the bankruptcy case <u>In re Louie</u>, United States Bankruptcy Court, Eastern District of California, Case No. 11-25036-C-7.  Defendants Volvo-California Swedish ("Defendants") oppose the motion (Doc. #46).[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 10, 2011.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2010, Plaintiff George S. Louie ("The Debtor" or "Mr. Louie") filed the instant case.  He alleges that Defendants failed to accommodate his disability in violation of the Americans with Disabilities Act ("ADA") of 1990, California Civil Code Sections 54 and 54.1, and the California Unruh Civil Rights Act.

On February 28, 2011, Mr. Louie was placed into involuntary bankruptcy pursuant to Title 11 U.S.C. § 303: In re George S. Louie, United States Bankruptcy Court, Eastern District of California, Case No. 11-25036-C-7 (the "Involuntary Bankruptcy Case").  On March 30, 2011, the Bankruptcy Court entered an order for relief.  Mr. Fukushima was appointed as Chapter 7 Trustee.

On April 1, 2011, Mr. Louie filed a voluntary bankruptcy case: In re George Sing Louie, United States Bankruptcy Court, Eastern District of California, Case No. 2011-28344 (the "Voluntary Bankruptcy Case").

On May 31, 2011, the Bankruptcy Court consolidated the Involuntary Bankruptcy Case and the Voluntary Bankruptcy Case as Case No. 11-250360C-7 (the "Bankruptcy Case") and appointed Mr. Fukushima as the Chapter 7 Trustee of the consolidated cases.

Through the Trustee's investigation, he discovered that the Debtor has more than 80 cases pending in various California state courts and federal district courts.  Most or all of the cases allege that defendants failed to accommodate Mr. Louie's disability in violation of the ADA.  On September 22, 2011, upon application by the Trustee, this Court issued a related case order (Doc. #47) relating eleven other ADA cases pending before the district court, all before this Court.  The Trustee now moves to refer this case to

the Bankruptcy Court (Doc. #44).  Defendants Volvo-California Swedish, et al. oppose the motion (Doc. #46).

## II.  OPINION

### A.  Legal Standard

#### 1.  Referral to Bankruptcy Court

28 U.S.C. § 1334(b) provides that federal courts shall have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11."  In Celotex Corp. v. Edwards, 514 U.S. 300 (1995), the Supreme Court described the scope of "related to" jurisdiction under Section 1334(b):

> Proceedings "related to" the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate.

Celotex Corp., 514 U.S. at 308 n. 5.

Where the cause of action is not property of the estate in bankruptcy, courts in the Ninth Circuit utilize the Pacor test. The Pacor test considers "whether the outcome of that [civil] proceeding could conceivably have any effect on the estate being administered in bankruptcy."  Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (1984).  Additionally, the Ninth Circuit suggests district courts consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors" when deciding whether to refer cases to the Bankruptcy Court.  Security Farms v. International Brotherhood Of Teamsters, Chauffeurs, Warehousemen & Helpers, an Unincorporated Ass'n., 124 F.3d 999,

1008 (9th Cir. 1997).

B. <u>Claims for Relief</u>

The Trustee asks the Court to refer this case to the Bankruptcy Court because the instant case is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1). The instant case is also related to the bankruptcy case because the Trustee is already prosecuting thirty-two other ADA cases in the Bankruptcy Court filed by the Debtor. Additionally, the estate has no cash so it would be an extreme burden for the Trustee to prosecute many cases in multiple courts.

Defendants counter by arguing that as long as Defendants have a right to a jury trial and do not consent to the bankruptcy judge presiding over the jury trial, this case cannot be removed to bankruptcy court. Additionally, Defendants cite 28 U.S.C. § 157(b)(5) to argue that the bankruptcy court does not have jurisdiction to determine Mr. Louie's claims. Defendants also argue that the Trustee did not cite legal authority requiring that this case be removed to bankruptcy court.

As discussed <u>supra</u>, this Court has jurisdiction over this action and the ability to refer it to Bankruptcy Court under 28 U.S.C. § 1334(b). The Court finds that pursuant to 11 U.S.C. § 541, the instant case is the legal interest of the debtor and is thus property of the estate. The fact that this case concerns noncore ADA claims is irrelevant since the instant case is related to the Bankruptcy Case. 28 U.S.C. § 157(b) authorizes Bankruptcy judges to hear and determine such cases. While 28 U.S.C. § 157(a) does not require this Court to refer each related case to the Bankruptcy Court, the Court elects in this case to exercise its

1 discretion to refer it to the Bankruptcy Court.
2     Contrary to Defendants' concerns, referral to the Bankruptcy
3 Court will not compromise their right to a jury trial.  The
4 bankruptcy judge, with the consent of the parties, may conduct the
5 jury trial.  28 U.S.C. § 157(e).  If the parties do not consent to
6 the bankruptcy judge conducting the jury trial, the bankruptcy
7 court will handle the pretrial matters and this Court will preside
8 over the jury trial.  See In re Healthcentral.com, 504 F.3d 775,
9 787-88 (9th Cir. 2007) (holding that in noncore matters (like the
10 instant case), if a party timely demands a jury trial and there is
11 no consent to the bankruptcy judge presiding over the trial, the
12 bankruptcy court retains jurisdiction over pre-trial matters and
13 the district court handles the jury trial).
14     Referral to the Bankruptcy Court is an efficient use of
15 judicial resources.  Bankruptcy courts routinely handle adversary
16 proceedings and both the Bankruptcy Court judges and the District
17 Court judges in this district are under heavy caseloads.  Referral
18 to the Bankruptcy Court will result in an overall savings of
19 judicial resources, as well as convenience for the parties because
20 it will result in the same court handling the adversary proceedings
21 and the overall administration of the underlying Bankruptcy Case.
22 Additionally, since this case is about alleged violations of the
23 ADA and does not involve bankruptcy law, uniformity of bankruptcy
24 administration is not an applicable consideration.  Finally, there
25 is no evidence of forum shopping as the impetus of this motion is
26 to organize numerous cases in one forum.  Accordingly, the Court
27 ///
28 ///

GRANTS the Trustee's Motion to Refer This Case to the United States Bankruptcy Court, Eastern District of California.

### III. ORDER

For the reasons set forth above, the Court GRANTS the Motion to Refer This Case to the United States Bankruptcy Court, Eastern District of California.

IT IS SO ORDERED.

Dated:  November 15, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE